## CIRCUIT COURT OF LOUDOUN COUNTY

Sugarland Run
Homeowners Ass'n, Inc.

    v.

James J. Couzins

### July 15, 1992

### Case No. (Chancery) 13903

BY JUDGE THOMAS D. HORNE

The Defendant, James J. Couzins, is a homeowner in the Sugarland Run subdivision in Loudoun County, Virginia. At the time he acquired title to his property in September of 1986, his lot was subject to certain restrictive covenants governing, among other things, the manner in which improvements may be made to his property. These restrictions are contained in two documents admitted by way of stipulation, that is, the Declaration dated February 11, 1971, and a Declaration of Covenants, Conditions and Restrictions dated February 26, 1971. Pursuant to these declarations, the erection of structures is prohibited upon lots in the Sugarland Run subdivision unless approved by an architectural review committee.

Without obtaining the permission of the committee, the Defendant commenced construction of an attached garage on his property in violation of the covenants. When the enforcement officials of the homeowners association called this violation to the attention of the Defendant, he submitted an application to the committee (Architectural Review Board). This application was deemed inadequate for review by the committee for a failure to provide the necessary plans and specifications. Specifically, Defendant suggested in his original application that if the committee desired the plans necessary to process the application, it should pay for them.

When the Defendant failed to submit the necessary plans to the committee, the instant enforcement action to enjoin work on the ga-

rage was commenced. Within a day of service of process in the case, Defendant delivered the necessary plans to the committee to secure their approval of his addition. He is now in compliance with the provisions of the declarations, covenants and conditions rendering moot the request for injunctive relief. Indeed, this cause would have ended some time ago except for the issue of the payment of the fees and costs associated with this case.

In his answer to the Bill of Complaint, Defendant set forth a number of affirmative defenses including: waiver of architectural covenants, waiver of covenants requiring prior approval, estoppel to enforce covenants requiring prior approval, unclean hands-prejudicial enforcement processes, unclean hands-selective enforcement, waiver of attorney's fees, and "baseless complaint for collection of attorney's fees as of right."

In order for there to be shown to have been a waiver, acquiescence or abandonment of violations of the covenants by the association, it is incumbent upon the Defendant to demonstrate:

> that the previous conduct or violations had affected the architectural scheme and general landscaping of the area so as to render the enforcement of the restrictions of no substantial value to the property owners. *Village Gate v. Hales*, 219 Va. 321 (1978) (citations omitted); *Raintree Homeowners Association v. Jones*, 243 Va. 155 (1992).

While Defendant has introduced into evidence a summary of his objections concerning various purported violations of the covenants by others in the Sugarland Run community, these do not indicate such a change (with the scant evidence of existing scheme of development) in the development or landscaping of properties in the community so as to render the restrictions of no substantial value to the property owners.

To the contrary, the evidence has shown that while violations may have occurred in the past, the association has adopted a vigorous and methodical approach to covenant enforcement. A full time covenant enforcement official has been retained by the association. The evidence fails to demonstrate that the actions of this official or of the board in initiating this litigation was vindictive or spiteful. While Defendant has cited instances of potential violations by others in the community, including a board member, these neither indicate aban-

donment or selectivity of enforcement so as to render the covenants unenforceable as to Mr. Couzins.

Pursuant to Article X, Section 3, of the recorded Declaration of February 11, 1971, the expense of enforcement of the covenants and restrictions (including those relating to architectural control) are made chargeable to the lot owner. Additionally, Paragraph 11 of the "Declaration of Covenants, Conditions and Restrictions" of February 26, 1971, provides as follows:

> (c) Any party to a proceeding who succeeds in enforcing a Restriction or enjoining the violation of a Restriction against an Owner of a Lot may be awarded a reasonable attorney's fee against such Owner.

The real issue before the Court at this time is one of whether attorney's fees should be awarded, and if so, to whom and in what amount. As noted earlier, Mr. Couzins submitted an application in which he agreed to be bound by the covenants. This application for the garage addition was approved rendering moot the need for injunctive relief.

Pursuant to § 55–515, Code of Virginia, as amended, the prevailing party in a suit to enforce the provisions of a declaration is entitled to recover reasonable attorneys' fees and costs expended in the matter. Mr. Couzins began work on the addition without approval from the Architectural Review Committee. He continued to work on the project despite written notification from the association that he was in violation of the covenants. While he submitted an application to the committee, it contained insufficient specifications upon which the committee might act. This application contained his written agreement to be bound by the covenants in the process of making his application. Only after being served with process in this action did he furnish the necessary papers to complete the process of approving his application.

At the time the application was approved, the reasonable attorney's fees expended by the association for enforcement were less than $600. These fees, while not recoverable pursuant to the Declaration of Covenants, Conditions and Restrictions, are recoverable pursuant to the Declaration and § 55–515, Code of Virginia, as amended. While the need for injunctive relief was rendered moot, the association prevailed and should be awarded its reasonable costs and attorney's fees pursuant to the Declaration. As the Court ob-

served earlier, the affirmative defenses of the Defendant have not been shown by evidence.

In addition to the costs connected with the bringing of this action, the association is entitled to "reasonable attorney's fees." While in determining an appropriate award of attorney's fees the court must consider the complexity of the issues involved, it should also consider the amount in controversy. 7 Am. Jur. 2d, Section 283, *Attorneys at Law*. At the time the Defendant came into compliance with the Declaration and there no longer existed a need for injunctive relief, there had been less than $600 spent in attorney's fees. A sum in excess of $5,400 has since been expended by the association in collecting that fee. While this may have necessitated a showing of who would have been the prevailing party, it nevertheless is staggering to suggest that it is reasonable to spend tenfold costs in collecting such fees.

While the Court recognizes that the Defendant in his affirmative defenses raised in a number of issues outside the application, the resolution of those issues, while perhaps of some precedential value to the parties, needs to be evaluated against what this case became-a suit to collect attorney's fees. It was not, nor did it ever become, a suit for declaratory judgment.

Accordingly, the Court finds that a fee of $3000.00 is reasonable in this case. Judgment will be entered for the association in that amount with interest from date of judgment.

Mr. Huddleston may draw a Final Decree dismissing the prayer of injunctive relief as moot and entering judgment for the association in the amount of $3000.00 for counsel fees and their costs expended.