PRESENT: All the Justices

KENNETH R. SHEETS, ET AL.

                                          OPINION BY
v.  Record No. 010965           JUSTICE DONALD W. LEMONS
                                       March 1, 2002
HARRIET A. CASTLE

FROM THE CIRCUIT COURT OF PAGE COUNTY
John J. McGrath, Jr., Judge

In this appeal, we consider whether a denial of a petition for appeal by the Supreme Court of Virginia has precedential effect. Additionally, we consider whether a defendant is a "prevailing party" under the terms of a contract when the plaintiff takes a voluntary nonsuit.

I.  Facts and Proceedings Below

On November 19, 1999, Kenneth R. and Ann R. Sheets (collectively "Sheets") entered into a contract to sell approximately 100 acres of real property in Page County to Harriet A. Castle ("Castle"). The contract included a provision entitled "Attorney's Fees," that stated in relevant part:

> In any action or proceeding involving a dispute
> between the Purchaser and the Seller arising out
> of this Contract, the prevailing party shall be
> entitled to receive from the other party
> reasonable attorney's fees to be determined by
> the court or arbitrator(s).

The parties never closed on the property.

On March 31, 2000, Sheets sold a portion of the same property to Derek K. Goebel ("Goebel") and Janine S. Siebens ("Siebens") and granted to them an option to purchase the

remainder of the property. Castle subsequently filed a bill of complaint against Sheets, Goebel, Siebens, and others, seeking rescission of the sale to Goebel and Siebens and specific performance of the contract between Castle and Sheets. In the bill of complaint, Castle alleged that she was "ready, willing, and able to settle on the contract," but that Sheets had refused to complete settlement.

Sheets filed an answer alleging that Castle had failed to comply with the contract terms; therefore, their contract was null and void. The answer included a request for costs and attorney's fees. Sheets also filed a motion craving oyer and a demurrer. Castle's attorney died after filing the bill of complaint, so the trial court ordered her to obtain new counsel by July 11, 2000, the date scheduled for a hearing on the motion craving oyer. The demurrer was set for argument on July 18, 2000.

Castle did not obtain new counsel by the July 11, 2000 hearing and, as a result, she appeared pro se. At the hearing, Castle moved for a voluntary nonsuit pursuant to Code § 8.01-380. Sheets objected to the entry of a nonsuit, arguing that their claims for costs and attorney's fees were counter-claims arising out of the contract, which prevented the plaintiff from suffering a nonsuit. The trial court found that the claims for

costs and fees were subject to independent adjudication and granted Castle's motion for nonsuit.

On July 19, 2000, the Sheets filed a petition for attorney's fees. Citing the "Attorney's Fees" clause of the real estate contract, the Sheets claimed to be the prevailing party because the suit against them was nonsuited.

By order dated February 2, 2001, the trial court denied Sheets' petition for attorney's fees. According to the trial court, the term "prevailing party" in the parties' contract was "clear and unambiguous;" therefore, the trial court applied the "plain meaning" rule of contract interpretation. The trial court held that because there was no "final judgment" in the case, there was no "prevailing party" under the terms of the contract. The trial court also opined that awarding attorney's fees to defendants such as Sheets "would serve as a substantial and unnecessary burden on and an abridgement of plaintiffs' closely guarded statutory right to take a first voluntary non-suit free from sanctions." Sheets filed a motion to stay the trial court's order and a petition for rehearing, both of which the trial court denied by order dated February 27, 2001. Sheets appeals the adverse ruling of the trial court.

## II. Standard of Review

The trial court's judgment is predicated entirely upon questions of law which we review de novo. Transcontinental Ins. Co. v. RBMW, Inc., 262 Va. 502, 510, 551 S.E.2d 313, 317 (2001).

## III. Analysis

### a. Precedential Value to Denial of Petition for Appeal

The contractual term at issue in this case entitles "the prevailing party" to an award of reasonable attorney's fees. Initially, Sheets argues that we have already decided whether a defendant is a "prevailing party" when the plaintiff takes a voluntary nonsuit. Sheets maintains that in a prior case before the Circuit Court of Fairfax County, the trial court decided that a defendant was a "prevailing party" under similar contractual provisions and that the petition for appeal was denied by the Supreme Court of Virginia. See Ayoub v. Trautner, Record No. 990491 (June 4, 1999). Sheets argues that because a petition for appeal is resolved by the Supreme Court of Virginia on the merits, our denial of the petition bestows binding precedential application of the circuit court opinion throughout the Commonwealth.

We note that the Attorney General has employed a similar argument concerning unpublished opinions of the Court of Appeals of Virginia. The Attorney General has argued that unpublished opinions of the Court of Appeals which would otherwise have no

4

precedential value (see Code § 17.1-413), nonetheless attain the status of binding precedent if a petition for appeal is refused by the Supreme Court of Virginia.  See Bowman v. Commonwealth, 30 Va. App. 298, 305, 516 S.E.2d 705, 708 (1999).

With the exception of cases with procedural defects and the limited number of cases for which appellate review by the Supreme Court of Virginia is dependent upon "a substantial constitutional question as a determinative issue or matters of significant precedential value" (Code §§ 17.1-410 and -411), the refusal of a petition for appeal constitutes a decision on the merits.  See Saunders v. Reynolds, 214 Va. 697, 700, 204 S.E.2d 421, 424 (1974) ("[w]e state unequivocally that a decision to grant or refuse a petition for writ of error is based upon one equally-applied criterion – the merits of the case"); see also Wright v. West, 505 U.S. 277, 283 (1992) ("the Supreme Court of Virginia refused the petition – a disposition indicating that the [C]ourt found the petition without merit"); Jackson v. Virginia, 443 U.S. 307, 311 n.4 (1979) ("[e]ach petition for writ of error under Va. Code § 19.2-317 (1975) is reviewed on the merits . . . and the effect of a denial is to affirm the judgment of conviction on the merits"); Dodson v. Director, 233 Va. 303, 307 n.5, 355 S.E.2d 573, 576 n.5 (1987) ("[i]n Virginia, aside from appeals from a capital murder conviction, criminal appeals to both the Court of Appeals and to this Court

5

are discretionary, and 'a decision to grant or refuse a petition [for appeal] is based upon one equally-applied criterion – the merits of the case.' ").

While a decision "on the merits," including a denial of a petition for appeal, may have precedential value, discerning the grounds that formed the basis for denial is indispensable in assessing its potential applicability in future cases. Most often the refusal of a petition for appeal merely recites:

> Upon review of the record in this case and consideration of the argument submitted in support of and in opposition to the granting of an appeal, the Court is of opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal.

From such an order, the grounds upon which the Court relied as a basis for denial cannot be determined. While it may be that there is simply no error found, there are several other possibilities. To name but a few of the several possible grounds, the trial court may have been in error, but the error was "harmless." See Holmes v. LG Marion Corp., 258 Va. 473, 483, 521 S.E.2d 528, 535 (1999); see also Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001). The trial court may have been in error, but the court "reached the correct result . . . for the wrong reason." See Chesterfield County v. Stigall, 262 Va. 697, 704, 554 S.E.2d 49, 53 (2001). The trial court may have been in error, but there exists an independent

6

basis for the trial court's judgment that has not been argued as error. See Magco of Maryland, Inc. v. Barr, 262 Va. 1, 1, 545 S.E.2d 548, 548 (2001); see also Parker-Smith v. Sto Corp., 262 Va. 432, 440-41, 551 S.E.2d 615, 620 (2001). While refusals of petitions for appeal may be grounded upon each of the reasons illustrated in these examples, among others, and the dispositions would be "on the merits," there could be error in the judgments of a non-reversible nature.

We restate that, with the exceptions previously mentioned, the refusal of a petition for appeal is based upon the merits of the case. However, unless the grounds upon which the refusal is based is discernible from the four corners of the Court's order, the denial carries no precedential value. To hold otherwise would result in bench and bar sifting through the records of cases buried in the office of the Clerk of the Supreme Court of Virginia or the clerk of the circuit court to affirm or contradict speculative assertions of the reason for the Court's denial of petitions for appeal. Such unreliability and lack of clarity is not countenanced in our jurisprudence.

### b. Is There a "Prevailing Party" Upon the Taking of a Nonsuit?

The provisions of Code § 8.01-380(B) at issue state:

> Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right, although the court may allow additional nonsuits or counsel

may stipulate to additional nonsuits.  The court,
in the event additional nonsuits are allowed, may
assess costs and reasonable attorney's fees
against the nonsuiting party.

The contract at issue in this case provided that the "prevailing party" in a dispute arising under the contract was entitled to reasonable attorney's fees.  At the outset, it is important to state what this case is not about.  This case is not about awarding attorney's fees and costs under the nonsuit statute.  This case involves a single nonsuit, and thus the last sentence of Code § 8.01-380(B) is not applicable.  Nor was the nonsuit taken within five days of a scheduled trial such as to render subsection (C) of the Code provision applicable.[*]  This case is about whether there is a "prevailing party" when a nonsuit is taken.  If there is a "prevailing party" then under the terms of the contract, attorney's fees should be awarded.  If there is no "prevailing party" when a nonsuit is taken, then the attorney's fee provision of the contract is not implicated.

---

[*] (C) If notice to take a nonsuit of right is
given to the opposing party within five days of
trial, the court in its discretion may assess
against the nonsuiting party reasonable witness
fees and travel costs of expert witnesses
scheduled to appear at trial, which are actually
incurred by the opposing party solely by reason
of the failure to give notice at least five days
prior to trial.  The court shall have the
authority to determine the reasonableness of
expert witness fees and travel costs.

8

A nonsuit does not involve a decision on the merits, rather, it "simply [puts] an end to the present action, but is no bar to a subsequent action for the same cause." Payne v. Buena Vista Extract Co., 124 Va. 296, 311, 98 S.E. 34, 39 (1919). The term "prevailing party" is not found in the nonsuit statute. We will construe this term utilized by the parties in accordance with its plain meaning. See Lansdowne Dev. Co. v. Xerox Realty Corp., 257 Va. 392, 400, 514 S.E.2d 157, 161 (1999). We need not go farther than Black's Law Dictionary for its common meaning: "A party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Black's Law Dictionary 1145 (7th ed. 1999).

This definition is in accord with our decision in Richmond v. County of Henrico, wherein we stated:

> The 'prevailing party', within the meaning of the general rule that such a party is entitled to costs, is the party in whose favor the decision or verdict in the case is or should be rendered and judgment entered, and in determining this question the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action.

185 Va. 859, 869, 41 S.E.2d 35, 41 (1947) (quotations omitted). We hold that under the plain meaning of the term, there is no "prevailing party" when a nonsuit is awarded.

Of course, where the circumstances warrant the parties may avail themselves of specific remedies provided in subsections

9

(B) and (C) of the nonsuit statute itself, their contractual agreements properly interpreted, or the sanctions provisions of Code § 8.01-271.1.  However, on this record, the trial court did not err in holding that there was no "prevailing party" upon the granting of a nonsuit and that attorney's fees under the contract could not be awarded.

We will affirm the judgment of the trial court.

Affirmed.