Present: All the Justices

KRISTY L. CHASE

v.  Record No. 022575

OPINION BY
JUSTICE DONALD W. LEMONS
October 31, 2003

DAIMLERCHRYSLER CORPORATION

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Judge

On appeal, we consider whether, under the Virginia Motor Vehicle Warranty Enforcement Act, Code §§ 59.1-207.9 to -207.16.1, a consumer who settles with a defendant is entitled to attorney's fees as a "successful" party.

I.  Facts and Proceedings Below

On June 9, 1999, Kristy L. Chase ("Chase") purchased a new Chrysler Cirrus.  The car had a number of mechanical problems.  On August 16, 2001, Chase filed a motion for judgment against DaimlerChrysler Corporation ("DaimlerChrysler"), the car's manufacturer, for breach of warranty, violation of the Virginia Motor Vehicle Warranty Enforcement Act (the "Act"), and violation of the federal Magnuson-Moss Warranty Act.  She sought total damages of $40,951.59.

Chase and DaimlerChrysler eventually reached a settlement agreement that was memorialized in a "Repurchase Release Agreement."  In the agreement, Chase received $13,242.04 from DaimlerChrysler.  DaimlerChrysler also agreed to assume loan

payments remaining on the car.  In return, Chase released DaimlerChrysler from all further claims except attorney's fees and court costs.

With respect to attorney's fees and court costs, the agreement provided that if the parties failed to make a suitable compromise at a June 25th settlement conference, attorney's fees and court costs would be litigated.  The parties failed to reach an agreement on attorney's fees and costs.  At trial, DaimlerChrysler argued that Chase had not prevailed in her action by receiving a favorable judgment in court and was not entitled to attorney's fees under the Virginia statute because she was not a "successful" party as the term was used in Code § 59.1-207.14.  The trial court entered judgment in favor of DaimlerChrysler.

Chase appeals the judgment of the trial court that she is not entitled to attorney's fees.  She maintains that in achieving a repurchase agreement with DaimlerChrysler, she accomplished the remedies provided in the Act and was a "successful" party entitled to attorney's fees.

## II.  Analysis

The issue before us concerns only the attorney's fees and costs provisions of Code § 59.1-207.14[*] which provides:

---

[*]We did not award a writ of error to consider the trial court's denial of fees and costs under the Magnuson-Moss

2

Any consumer who suffers loss by reason of a violation of any provision of this chapter may bring a civil action to enforce such provision. Any consumer who is successful in such an action or any defendant in any frivolous action brought by a consumer shall recover reasonable attorney's fees, expert witness fees and court costs incurred by bringing such actions.

The so-called "Virginia Lemon Law" provides for a consumer to receive a replacement motor vehicle or a full refund for a purchase of a motor vehicle that cannot be brought into conformity with the manufacturer's express warranty. Code § 59.1-207.13. Although the terms of the settlement agreement clearly compromised the amount of damages claimed, Chase maintains that her settlement with DaimlerChrysler included return and refund. Accordingly, Chase argues that she is a "successful" claimant under the Act and that the trial court erred in denying her fees and costs. DaimlerChrysler argues that it denied liability but compromised the claim in a settlement agreement; consequently, neither party can claim to be a "successful" party under the statute. Further, DaimlerChrysler emphasizes that the final order in this civil action awards judgment to the defendant.

The question before us is simply stated: what is "successful" for the purposes of an award of fees and costs

Warranty Act, 15 U.S.C. § 2301 et seq. Additionally, we note that Chase did not present to the trial court a claim based upon breach of the settlement agreement.

under the Virginia Lemon Law?  Our analysis begins, as it

should, with the text of the statute itself.  As we have

stated:

> While in the construction of statutes the
> constant endeavor of the courts is to ascertain
> and give effect to the intention of the
> legislature, that intention must be gathered
> from the words used, unless a literal
> construction would involve a manifest
> absurdity.  Where the legislature has used
> words of a plain and definite import the courts
> cannot put upon them a construction which
> amounts to holding the legislature did not mean
> what it has actually expressed.

Signal Corp. v. Keane Federal Systems, 265 Va. 38, 46-47, 574

S.E.2d 253, 257 (2003); Halifax Corp. v. First Union Nat'l

Bank, 262 Va. 91, 99-100, 546 S.E.2d 696, 702 (2001); Watkins

v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934).

Code § 59.1-207.14 refers to a "civil action to enforce"

the provisions of the Act.  Furthermore, the award of fees and

costs is expressly reserved to any "consumer who is successful

in such an action." As the Code of Virginia provides,

"'Action' and 'suit' may be used interchangeably and shall

include all civil proceedings whether at law, in equity, or

statutory in nature and whether in circuit courts or district

courts."  Code § 8.01-2(1).  Consequently, being "successful"

in this statutory "civil action," by definition, means that

the action terminates in favor of the claimant.  Under the

terms of the Act, we look to the order terminating the action

4

to determine whether the plaintiff was "successful." The final judgment order in this case expressly states that judgment is awarded to the defendant, DaimlerChrysler.

Chase maintains that the repurchase of the automobile in question defines a "successful" outcome for the purpose of an award of fees and costs. At oral argument, when presented with the hypothetical case of a claim for $50,000, compromised by repurchase for $1, Chase insisted that the claimant would, nonetheless, be "successful" for the purpose of an award of fees and costs. The statutory scheme does not suggest such a radical interpretation. Neither does it suggest that courts should engage in evaluation of the relative success of either party in their compromise. The language of the statute requires that the civil action itself be resolved in favor of the consumer.

Such an interpretation of the statute is consistent with the reasoning of the Court in the recent case of Sheets v. Castle, 263 Va. 407, 559 S.E.2d 616 (2002). In Sheets, we considered the interpretation of a contractual attorney's fee provision in favor of the "prevailing party" in litigation that concluded with a nonsuit. In reaching an interpretation of the term, "prevailing party," we stated: "We need not go farther than Black's Law Dictionary for its common meaning: 'A party in whose favor a judgment is rendered, regardless of the

amount of damages awarded.' Black's Law Dictionary 1145 (7th ed. 1999)." Id. at 413, 559 S.E.2d at 620. While unnecessary to the opinion in Sheets, for the purposes of this case it is important to note that the definition of "prevailing party" upon which we relied in Sheets includes its synonym, "successful party." Black's Law Dictionary 1145 (7th ed. 1999).

Finally, Chase argues that requiring the consumer to obtain an order terminating the civil action in their favor would discourage settlements. We are not persuaded by this concern. Lawyers and litigants will factor this requirement into their settlement negotiations and govern themselves accordingly. Presumably, the risk of trial and an award of fees and costs will not change with the application of this standard in assessing whether a party has been "successful." What will most certainly change is the manner in which settlement agreements are memorialized. A consent order reciting that the consumer was the prevailing party and reserving the amount of fees and costs for judicial determination would sufficiently demonstrate which party was "successful" in the civil action.

The civil action in this case did not conclude with an order or judgment in favor of the consumer. Accordingly, the trial court did not err in denying Chase an award of fees and

costs pursuant to Code § 59.1-207.14.  We will affirm the judgment of the trial court.

<u>Affirmed</u>