## CIRCUIT COURT OF FAIRFAX COUNTY

Rose Hall Homeowner's
Association, Inc.

v.

Charles H. Jelinek et al.

October 28, 2004

Case No. (Chancery) 189796

BY JUDGE KATHLEEN H. MACKAY

This matter comes to the Court on Complainant's Motion to Compel and Respondents' Motion to Dismiss the Bill of Complaint for Injunctive Relief.

On May 3, 2004, the Rose Hall Homeowner's Association (the Association) filed a Bill of Complaint seeking injunctive relief. The Association claimed that it had denied Defendants' request to build a black metal ornamental fence, but that the fence was erected nonetheless. Building the fence allegedly breached an agreement binding all property owners within the Rose Hall subdivision. The Association's suit was properly filed under Virginia Code § 55-515(A). In addition to the injunction, the Association sought recovery of its fees and costs, pursuant to § 55-515(A), which provides that a prevailing party is entitled to recover such expenses.

On May 10, 2004, the Association propounded discovery on Defendants. On July 4, Defendants removed their fence. On July 23, they tersely answered the discovery, objecting to most questions on grounds of relevance as the fence was no longer standing.

Defendants have now filed a motion to dismiss this matter as moot. Plaintiff wishes the Court to compel full answers to discovery on the theory that answers are required to determine whether it is a prevailing party entitled to recover its fees.

The Virginia Supreme Court has defined a prevailing party as one "in whose favor a judgment is rendered, regardless of the amount of damages

awarded."[1] In this case, no judgment has been rendered, nor can one be. Complainant has not claimed damages; it sought only an injunction and fees if it prevailed. As the fence has been removed, an injunction can no longer be awarded. The sole remaining issue is the Association's right to recover fees. In slightly different circumstances, the Supreme Court has noted that, where the action being enjoined has been abandoned, "the whole ground for the equitable relief prayed cease[s]," and the matter should be dismissed.[2] *Thomas* can be distinguished in that the party seeking the injunction abandoned its claim for relief; in our case, conversely, the party being enjoined has abandoned its position. In both situations, however, there is a lack of actual controversy, rendering the action moot.[3] Further, as no judgment can be awarded by the Court, there can be no prevailing party under the Supreme Court's definition. The case should be dismissed.

Seeking the avoid this outcome, Complainant disputes that the case is moot and asks the Court to "hear the evidence and make a determination as to the merits of the case, such that a "prevailing party" *can* be determined." Response to Motion to Dismiss, at p. 3 (emphasis in the original). The Association cites a circuit court case in which, in similar circumstances, the Court allowed a § 55-515 claim for fees to proceed after the offending homeowner came into compliance with the applicable covenants. *Sugarland Run Homeowners Assoc., Inc. v. Couzins*, 28 Va. Cir. 334 (Loudoun County 1992). However, that opinion does not reveal the Court's analysis of the term prevailing party. It appears that, although the defendant had come into compliance, a hearing was held to consider the merits of the case. The Court considered the facts and the defendant's affirmative defenses and determined that he would not have prevailed on the merits. It then entered judgment in the Association's favor in the amount of half its fees. Because the bulk of the

---

[1] *Sheets v. Castle*, 263 Va. 407, 413 (2002). Complainant distinguishes *Sheets* on the grounds that it involved whether or not there is a prevailing party when an action is nonsuited. The Court, however, did not limit its definition to those circumstances. Instead, it construed the term by its plain meaning and adopted the definition found in *Black's Law Dictionary*.

[2] *Thomas, Andrews & Co. v. Town of Norton*, 110 Va. 147, 149 (1909). Plaintiff seeks to distinguish this case as being limited to tax law. The Court's statements as to the need for a controversy, however, are not so limited.

[3] *Franklin v. Peers*, 95 Va. 602, 603 (1898). "Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case."

Association's fees were expended after the homeowner came into compliance and related solely to the fee award, the Court used its equitable powers to halve the amount of fees recovered.

While this provides some authority for not dismissing this case and proceeding to a determination of fees, its reasoning is dubious. As noted by the Loudoun Court, holding discovery and a full hearing to determine a prevailing party simply results in an unfortunate expansion of the disputed fees. In addition, it seems a rather pointless use of court resources. Further, whether either party can really be said to have prevailed on a question rendered moot by circumstances is doubtful. In my opinion, Respondents' Motion to Dismiss should be granted.

The Complainant's irritation at this result would be understandable, but, as I have reasoned above, I believe dismissal is legally correct. I should note that the Complainants could point to no provision in the governing documents of the Homeowners Association that provided for the collection of fees in an enforcement action. Such a provision could have afforded the Association some relief. Without such a provision, we are left with the law set out above.