# CIRCUIT COURT OF THE CITY OF RICHMOND

Earlene Green

v.

Walter R. Green, Jr.

January 9, 2006

Case No. N-8521-1, File No. 90H-236,
Case No. N-1878-1, File No. P-4260

BY JUDGE MELVIN R. HUGHES, JR.

In this ended divorce proceeding, the former wife has instituted, by a request to reinstate the cases on the court's docket, a proceeding against the former husband to show cause why he should not be held in contempt. According to the order, the case was reinstated "for the limited purpose" to determine whether the former husband failed to abide by a term of the final decree requiring support and other payments and her request for attorney's fees in connection with the reinstatement.

In response, the former husband filed a Motion for Judgment and Sanctions. He alleged that he paid all financial obligations required by the final decree and indeed has overpaid on the indebtedness. He requested sanctions alleging that he has been "wrongly accused" of nonpayment and that his former wife's actions in reinstating the case constituted an "abuse of judicial process."

At a hearing set to take evidence on the parties' competing positions, the former husband had an attorney ready to testify about the reasonableness of the attorney's fees incurred in defending the reinstatement. The lawyer did not testify, however. The parties disagree over whether there was a stipulation that his testimony would establish the reasonableness of the charges.

The former wife argues that, by the terms of the reinstatement order, the court is without power to adjudicate the overpayment and render judgment in

the husband's favor and award sanctions. Husband contends that, once the case is reopened, the court can entertain any request that is germane to the issues advanced on the reinstatement.

In addition, wife argues that, because she determined prior to the hearing that husband had paid all that was required and nonsuited the reinstatement, attorney's fees cannot be assessed against her by authority of *Sheets v. Castle*, 263 Va. 407, 559 S.E.2d 616 (2002). (The court vacated the nonsuit order agreeing with husband that wife could not nonsuit without his consent due to his pending motions.)

*Sheets* discussed whether Plaintiff could take a nonsuit when a counterclaim for costs and attorney's fees arising out of a contract had been filed. Defendant's counterclaim arose out of a contract entitling the "prevailing party" to an award of attorney's fees. The trial court found that "the claims for costs and fees were subject to independent adjudication and granted [the plaintiff's] nonsuit."

On appeal, the sole issue addressed by the Supreme Court was whether there is a "prevailing party" when a nonsuit is taken. The Supreme Court held that the trial court did not err in holding that there was no "prevailing party" upon the granting of a nonsuit and, therefore, the attorney's fee provision was not implicated. While the language of the trial court appears relevant to this case, the issue addressed by the Supreme Court, whether there is a prevailing party when a nonsuit is taken, has no bearing on the case at bar. The language of the court is not controlling in this matter, and the holding of the case is irrelevant. Thus, *Sheets* does not control whether the court can resolve husband's request for attorney's fees.

The same applies to the limitation wife cites in the reinstatement order as a restriction to only those issues that are mentioned therein. First, the issue of payment is a relevant inquiry for both sides because that is the issue wife has raised and sought relief for in reinstating the case. Second, husband's Motion for Judgment and Sanctions is related to the payment issue because it puts at issue that which wife has raised and seeks affirmative relief for over payment. Third, the statute on reinstatement, Va. Code § 20-121.1, puts no limitation on the court. It provides that a cause may be reinstated "for such purposes as may be necessary to grant full relief to all parties," The court's order is not self-limiting because the statute allows the case to be reinstated for any purpose beyond that for which the reinstated party intended, All other matters upon fair notice and opportunity to be heard can be heard.

Accordingly, as the parties agree that husband has overpaid wife $8,260.50, the court will enter judgment in husband's favor in this amount. As to sanctions, the court will hold that question in abeyance to allow evidence to

14

come forward on whether wife was operating on a good faith basis in asserting that husband had not paid his obligation. The court is without information as to whether the claim was an "honest mistake" or a product of a negligent or reckless assertion. At any rate, the question has to be tested against the standard, provided in Va. Code § 8.01-271.1, the sanctions statute.