## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia,
State Lottery Department, et al.

v.

Settlement Funding, L.L.C., et al.

June 9, 2008

Case No. CL-2007-15126

BY JUDGE BRUCE D. WHITE

This matter returns on remand from the Supreme Court of Virginia. Carla Von Neumann-Lillie (Ms. Lillie) filed a Memorandum in Support of Attorney's Fees Award. The issues presented therein were briefed and argued by counsel. At the conclusion of the hearing, the matter was taken under advisement. After considering the briefs submitted and the oral arguments presented, the decision of the Court follows.

*Background*

On November 12, 1996, Ms. Lillie redeemed a winning "Money for Life" lottery ticket with the Virginia Lottery. The prize for redeeming the ticket was $1,000 per month for the duration of her life.

On February 19, 1999, Ms. Lillie borrowed $29,000 from WebBank Corporation. The terms of the transaction were incorporated into a written Loan Agreement. The Loan Agreement required Ms. Lillie to repay the loan in 178 monthly installments each in the amount of $500. To secure the loan, Lillie pledged her lottery winnings as collateral and executed a promissory

note ("Note"). Furthermore, the Loan Agreement provided that, in the event of default, the outstanding balance would immediately become due and WebBank would receive a security interest in the lottery proceeds. The Loan Agreement contained a choice of law provision requiring the instrument to be construed and enforced pursuant to the substantive law of Utah. In May 1999, WebBank assigned its interest in both the Loan Agreement and the Note to Settlement Funding.

Settlement Funding presented evidence at the initial trial indicating Ms. Lillie paid the first twenty-seven installments under the Loan Agreement, but then defaulted in the spring of 2001. Settlement Funding, L.L.C.'s Resp. to Carla Von Neumann-Lillie's Mem. in Supp. of Atty's Fees 1; *Settlement Funding, L.L.C. v. Neumann-Lillie*, 274 Va. 76, 78, 645 S.E.2d 436, 437 (2007); Trial Tr. 8, 68, Jan. 23, 2006. When Settlement Funding sought to enforce its security interest in the lottery winnings, Virginia Lottery Commission filed an interpleader action to determine the enforceability of that security interest. Settlement Funding filed a cross-bill against Ms. Lillie, seeking recovery of the loan's principal balance, accrued interest, and penalties. Ms. Lillie's answer to the cross-bill alleged several affirmative defenses, including usury and a violation of the Truth in Lending Act (TILA).

Settlement Funding's cross-bill came before the Honorable M. Langhorne Keith on January 23, 2006. Judge Keith took the matter under advisement and issued a letter opinion incorporating his ruling on February 10, 2006. [70 Va. Cir. 203] Finding that Settlement Funding had failed to introduce evidence regarding Utah's usury laws, Judge Keith held that, under Virginia law, the interest on Ms. Lillie's loan was usurious and therefore unenforceable. Accordingly, Settlement Funding was only authorized to collect the principal loan amount, of which $15,500 remained outstanding. The Court further held WebBank violated TILA by failing to provide Ms. Lillie with certain statutory disclosures. The Court awarded Ms. Lillie damages in the amount of $128,410.20. *Commonwealth of Virginia, State Lottery Dep't v. Settlement Funding, L.L.C.*, 70 Va. Cir. 203, 206, n. 4 (2006). However, because Ms. Lillie raised TILA as a defense and not as an affirmative claim, she could not recover these damages outright; rather, she was only entitled to use this award as a set-off against any remaining balance on the Loan Agreement. Because the set-off exceeded the amount Ms. Lillie owed to Settlement Funding, Judge Keith ruled "Settlement Funding cannot recover from Lillie." *Commonwealth of Virginia, State Lottery Dep't v. Settlement Funding, L.L.C.*, 70 Va. Cir. 203, 207 (2006). After a subsequent

hearing on the issue of attorneys' fees, Judge Keith ordered that Settlement Funding pay Lillie $47,694.60 in compensatory damages,[1] $24,694.50 in attorneys' fees, and $1,257.54 in costs.

Settlement Funding appealed Judge Keith's ruling to the Supreme Court of Virginia. The Supreme Court awarded Settlement Funding an appeal, but limited the scope of that appeal to the consideration of Judge Keith's ruling on the usury defense. The Supreme Court refused Settlement Funding's Petition for Appeal with respect to all assignments of error dealing with the TILA defense and the amount of the set-off.

On appeal, the Supreme Court of Virginia determined "the circuit court erred in refusing to apply Utah law to the construction of the loan agreement." *Settlement Funding, L.L.C. v. Von Neumann-Lillie*, 274 Va. 76, 81, 645 S.E.2d 436, 439 (2007). The Supreme Court therefore "reverse[d] those portions of the judgment of the circuit court entering judgment in favor of Lillie based on her claim of usury under Code § 6.1-330.57 and awarding her damages, costs, *and attorneys' fees* under that statute. . . ." *Id.* (emphasis added). The case now comes before the Court for further proceedings consistent with the Supreme Court's decision.

*Discussion*

A. *Usury*

Pursuant to Paragraph 13 of the Loan Agreement, the merits of Ms. Lillie's usury defense must be determined under Utah state law. Ms. Lillie concedes "Utah does not have an affirmative claim for usury." (Mem. in Supp. of Atty's Fees Award 3.) Hence, the Loan Agreement is not usurious and Settlement Funding may collect both the principal sum of Ms. Lillie's loan and all interest owed thereon.

Pursuant to Paragraph 21 of the Loan Agreement, if Ms. Lillie fails to fulfill any obligation under the Loan Agreement or Note, "all principal, all accrued and unpaid interest, and all other obligations of [Ms. Lillie] under this Loan Agreement and the Secured Promissory Note shall be and become due and payable." (R. at 66.) The Note clarifies the remedies available to Settlement Funding in the event of default. See *ACB Trucking, Inc. v. Griffin*,

---

[1] This figure represented the amount Ms. Lillie paid on the loan in violation of Virginia's usury laws. (R. at 542, 583.)

5 Va. App. 542, 547, 365 S.E.2d 334 (1988) (holding that, when two documents are *in pari materia*, they "should be read and construed together with a view toward harmonizing and giving effect to all the provisions of each"). According to the Note, in the event of a default:

> At [Settlement Funding's] option, the entire unpaid principal plus the present value of the interest that would have been paid had there been no default (a discount rate of 5% compounded monthly being applied for purposes of calculating the present value of the interest due [Settlement Funding]), together with all other applicable fees, costs, and charges shall become immediately due and payable.

(R. at 99.)

Settlement Funding requests $135,151.85 in "other applicable fees, costs, and charges." (Settlement Funding, L.L.C.'s Resp. to Carla Von Neumann-Lillie's Mem. in Supp. of Atty's Fees 5.) However, because the amount of such penalties is not ascertainable from either the Loan Agreement or the evidence presented at the initial trial, Settlement Funding cannot recover any such penalties.

Neither the Loan Agreement nor the Note explicitly indicate whether Settlement Funding is entitled to prejudgment interest on the amount Ms. Lillie owes under the Loan Agreement. Under Utah law, where an instrument is silent on the issue, prejudgment interest may be recovered where the damage is complete, the amount of the loss is fixed as of a particular time, and the loss is measurable by facts and figures. *Cornia v. Wilcox*, 898 P.2d 1379, 1387 (Utah 1995). Prejudgment interest may be awarded even when the defendant has a potential right to offsetting damages based on a counterclaim or defense. *Orlob v. Wasatch Med. Mgmt.*, 2005 Utah App. 430, 435, 124 P.3d 269, 277 (2005). Here, it is plain that the amount Ms. Lillie owes to Settlement Funding under the Loan Agreement is mathematically calculable pursuant to the formula set forth in the Note. Accordingly, Settlement Funding is entitled to pre-judgment interest.

The default rate of prejudgment interest in 1999 in Utah was 10%. Utah Code Ann. § 15-1-1 (1985). However, the Utah Code does not specify whether the interest is calculated as simple interest or compound interest. In *Lignell v. Berg*, 593 P.2d 800 (Utah 1979), the Supreme Court of Utah indicated the calculation of prejudgment interest in Utah is a matter of "simple arithmetic" once one knows the amount due and the due date. 593 P.2d at 809. Unlike the calculation of compound interest, which involves a complex

formula involving exponents, the calculation of simple interest is merely a matter of multiplication. Accordingly, the Court concludes Utah calculates prejudgment interest as simple interest.

Having thus established the method of calculating the amount Ms. Lillie owes under the note, all that remains is calculating the amount due. That task is complicated, however, because the record is confusing as to the circumstances of Ms. Lillie's default. At the initial trial, Settlement Funding presented evidence indicating Ms. Lillie paid twenty-seven monthly payments of $500 to Settlement Funding before defaulting. (Trial Tr. 8, 68, Jan. 23, 2006.) Because Ms. Lillie began making payments in April 1999, Settlement Funding's evidence suggests Ms. Lillie defaulted in July 2001 after paying a total of $13,500. However, the amortization table Settlement Funding presented at trial (Pl. Ex. 4) contains a hand-written note indicating Ms. Lillie defaulted in November of 2000 after paying only $9,500. Fortunately, the discrepancy does not affect the outcome of the case, for the reasons set forth in Section B.

Assuming Ms. Lillie defaulted on her loan in July 2001, the unpaid principal of the loan at the time of her default was $27,008.64. Pl. Ex. 4 from January 23, 2006, trial. The present value of the interest that would have been paid equaled $25,881.44.[2] Under this scenario, the total amount Ms. Lillie owes under this calculation, assuming 10% prejudgment interest over seven years, equals $89,913.14.[3] The total amount due varies only slightly if we assume she paid $9,500 over the course of nineteen months. Under this assumption, the unpaid principal balance in November 2000 was $27,296.29. Pl. Ex. 4 from January 23, 2006, trial. At the time of the default, the present value of the unpaid interest was $24,886.17.[4] Taking into account pre-judgment interest for eight years, the total amount due under this calculation is $93,928.43.[5]

---

[2] If the initial loan balance was $29,000 and the remaining principal on the loan in May of 2001 was $27,008.64, then Ms. Lillie paid $1,991.36 in principal and $11,508.64 in interest during the first twenty-seven months. The total unpaid interest at the time of default equaled $48,491.36. Accordingly, the present value of the unpaid interest at the time of default, discounted at 5% compounded monthly, is calculated by dividing $48,491.36 by $(1 + .05/12)149$. The result of that calculation is $24,886.17.

[3] ($27,008.64 + $24,886.17) x 10% interest x 7 years + ($27,008.64 + $24,886.17).

[4] The total unpaid interest is $48,203.71. To determine the present value of this number, we divide it by $(1 + 5\%/12)159$. The result of this number is $24,886.17.

[5] (8 years x 10% interest x $52,182.46) + $52,182.46 = $93,928.43.

Therefore, the maximum amount Ms. Lillie owes under the Loan Agreement using either calculation is $93,928.43.

## B. *Truth in Lending Act*

Settlement Funding urges this Court to reduce Ms. Lillie's set-off award to the statutory cap of $1,000. 15 U.S.C. § 1640(a)(2)(A)(i). Ms. Lillie, however, argues Judge Keith's finding that her TILA damages exceeded $128,000 constitutes the law of the case and is not subject to challenge at this stage of the proceedings.

Under the law of the case doctrine, any "issues expressly or impliedly decided by the appellate court" are foreclosed from further litigation on remand. *Virginia Imports, Ltd. v. Kirin Brewery of Am., L.L.C.*, 50 Va. App. 395, 407, 650 S.E.2d 554, 559 (2007) (*quoting United States v. Bell*, 5 F.3d 64, 66 (4th Cir.1993)). Ms. Lillie's reliance on *Little v. Cook*, 274 Va. 697, 652 S.E.2d 129 (2007), is misplaced. That case stands for the proposition that, under the law of the case doctrine, a party cannot re-litigate unappealed issues on remand. This application of the law of the case doctrine, however, is inapplicable to the instant case because Standard Funding appealed Judge Keith's rulings regarding Ms. Lillie's TILA defense. (R. at 602.) An appellate court's refusal of a petition for appeal constitutes a decision on the merits. *Sheets v. Castle*, 263 Va. 407, 411, 559 S.E.2d 616, 619 (2002). Accordingly, a refusal of a petition for appeal on an issue precludes re-litigation of that issue on remand. See *Crowder v. Crowder*, 125 Va. 80, 92, 99 S.E. 746, 749 (1919) ("The refusal of an appeal from this action of the trial court settled that question adversely to the appellees' claim and became the law of the case, and it cannot now be again brought in question in this case.").

Settlement Funding's Petition for Appeal included ten assignments of error. The Supreme Court of Virginia rejected Settlement Funding's Petition for Appeal with respect to Assignment of Error Number 1, the only assignment of error addressing Judge Keith's findings with respect to TILA. Accordingly, under *Crowder*, Judge Keith's determination of the amount of Settlement Funding's set-off is now the law of the case and is not subject to challenge on remand.

Therefore, because Ms. Lillie's set-off, $128,214.20, exceeds the maximum amount she owes pursuant to the Loan Agreement, $93,928.43, Settlement Funding still cannot recover compensatory damages from Ms. Lillie.

## C. *Attorneys' Fees*

In the case of any "successful action" to enforce Part B, Credit Transactions of the Truth in Lending Act, the borrower is entitled to recoup attorneys' fees from the offending creditor. 15 U.S.C. § 1640(a)(3) (1995); *Alyeski Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 261, 95 S. Ct. 1612, 1623, n. 34 (1975). A "successful action" is one in which the borrower prevailed on any significant issue of litigation thereby achieving an intended benefit of bringing the action. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). Here, because Judge Keith determined that Settlement Funding failed to comply with the disclosure provisions of § 1605(b) of TILA, Ms. Lillie prevailed on her TILA affirmative defense. Furthermore, because Judge Keith awarded her a set-off that exceeded the amount she owed under the Loan Agreement, Ms. Lillie achieved an intended benefit of raising TILA as an affirmative defense. Accordingly, Ms. Lillie's TILA defense constitutes a "successful action" entitling her to reasonable attorneys' fees.

To determine the amount of attorneys' fees to award under TILA, this Court must first determine the lodestar. *Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939. The lodestar is calculated by multiplying the reasonable number of hours expended by the reasonable hourly rate. *Id.* Ms. Lillie's counsel, Thomas Breeden, expended 148.9 hours through January 8, 2008, and charged an hourly rate of $325 per hour. (Second Am. Aff. of Thomas R. Breeden in Supp. of Req. for Atty's Fees 23.) Given the complexity of the issues presented in this case and the customary rates charged by attorneys within this geographical area with comparable skills and experience, both figures are found to be reasonable.

This Court's next task is to determine whether to adjust the lodestar in light of a list of twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (1978), cert. denied, 439 U.S. 934, 99 S. Ct. 329 (1978). The most critical factor in determining the amount of attorneys' fees to award is the degree of success obtained. *Hensley*, 461 U.S. at 435-36; 103 S. Ct. at 1940.

### 1. *Attorneys' Fees Award for Initial Trial*

Judge Keith awarded Ms. Lillie attorneys' fees in the amount of $24,694.50 at the initial trial. However, the Supreme Court reversed the portion of that attorneys' fees award stemming from the finding that the Loan Agreement was usurious. 274 Va. at 81, 645 S.E.2d at 439. Because Ms. Lillie

is the moving party, she bears the burden of identifying which portion of Judge Keith's attorneys' fees award related to her TILA claim and which portion related to the usury claim.

After reviewing Mr. Breeden's bill submitted as Exhibit A to his Second Amended Affidavit in Support of Request for Attorneys' Fees and Costs, it is plain most of the entries are too general to determine whether the time advanced Ms. Lillie's TILA defense or some other claim. Ms. Lillie has failed to satisfy her burden with respect to these entries. A second category of entries necessarily includes time spent on the TILA defense but does not mention it by name. For example, the entry dated May 10, 2002, reads "Prepare motion to file late answer." The description does not mention TILA explicitly, but a review of the record demonstrates Ms. Lillie first raised her TILA defense in this Answer. Because Ms. Lillie is entitled to recover any and all attorneys' fees she can prove were incurred to further her TILA defense, Settlement Funding is liable for all entries that fit within this second category of fees. Finally, there was one entry, dated January 4, 2006, which explicitly stated Mr. Breeden researched TILA. Ms. Lillie is entitled to recoup the fees associated with this entry. Accordingly, the Court finds Ms. Lillie's recoverable attorneys' fees for the initial trial are in the amount of $10,514.

### 2. Attorneys' Fees Award on Appeal

Attorneys' fees incurred on appeal are recoverable under TILA. *Nigh v. Koons Buick Pontiac GMC, Inc.*, 384 F. Supp. 2d 915 (E.D. Va. 2005). The Supreme Court of Virginia refused Settlement Funding's Petition for Appeal with respect to the only assignment of error concerning Ms. Lillie's TILA defense. Accordingly, Ms. Lillie "prevailed" on her TILA defense on appeal. After the Supreme Court granted the Petition for Appeal, the only issue under consideration related to Ms. Lillie's usury defense. Pursuant to the Supreme Court's ruling, attorneys' fees incurred related to the usury defense are not recoverable. Therefore, the only attorneys' fees Ms. Lillie may recover on appeal are those incurred *before* the Supreme Court granted the Petition for Appeal. Ms. Lillie is awarded $1,311 for the attorneys' fees she incurred on appeal.

### 3. Attorneys' Fees Award on Remand

Attorneys' fees incurred pursuing a Motion for Attorneys' Fees is recoverable. *Kerns v. Consolidated Coal Co.*, 247 F.3d 131 (4th Cir. 2001). All fees incurred on remand necessarily furthered Ms. Lillie's attorneys'

fees claim under TILA and hence, are recoverable. Ms. Lillie is awarded attorneys' fees in the amount of $1,760 for the efforts her attorneys expended on remand.

### Conclusion

Ms. Lillie is awarded attorneys' fees in the amount of $13,585 and costs in the amount of $2,000. After considering each of the factors set forth in *Johnson*, I conclude this figure need not be adjusted further.