# CIRCUIT COURT OF FAIRFAX COUNTY

Larry A. Tureson

    v.

Open System Sciences
of Virginia, Inc.,
and David L. Pierce

May 31, 2013

Case No. CL-2012-323

BY JUDGE CHARLES J. MAXFIELD

This matter is before the Court for a determination of the attorneys' fee award contractually owed to David L. Pierce and Open Sciences of Virginia, Inc., the prevailing parties at trial. For the reasons set out herein, they are awarded $238,323.82 in attorneys' fees and $316.00 in costs.

Prior to December 31, 2008, Larry A. Tureson and David L. Pierce were equal shareholders of Open System Sciences of Virginia, Inc. ("OSS"). Due to a management deadlock, Plaintiff brought suit against Pierce and OSS, hereinafter collectively "Defendants," seeking to dissolve OSS. The litigation produced a Settlement Agreement and Mutual Release ("Agreement") on December 31, 2008.

The Agreement resolved ownership of OSS. Additionally, it states in paragraph 9(i), "[s]hould enforcement of any provisions of this agreement involve the filing of litigation, the prevailing party in said litigation shall be entitled to its costs and reasonable attorneys' fees from the non-prevailing party."

On November 18, 2010, Plaintiff brought suit against Defendants alleging, among other theories, breach of the Agreement. The litigation proceeded to a nonsuit on the eve of trial.

Plaintiff filed a subsequent suit against Defendants on January 6, 2012. The parties by consent agreed not to allow additional discovery, but rather to incorporate discovery from the previous, nonsuited action. The parties

re-litigated dispositive motions. This second action proceeded to trial on two counts: (I) breach of contract and (II) intentional interference with prospective business expectancy; a fraud count did not survive demurrer. Defendants were permitted to file a late answer and plead for attorneys' fees over Plaintiff's objection. Plaintiff declined an offer of a continuance. The Motion for Reconsideration on this issue is denied for the reasoning given at trial. The Court struck the tortious interference count on motion, and the jury returned a defense verdict on the breach of contract count.

By agreement, Defendants' claim for attorneys' fees was bifurcated and set for a bench trial. Defendants prevailed and now seek $462,915.05 in attorneys' fees and $674.00 in costs. Defendants note that this figure reflects a 10 percent discount off of their regular billing rate. Plaintiff objects to the award of attorneys' fees and advances two arguments.

First, Plaintiff attacks the reasonableness of Defendants' fees. Plaintiff argues that the Court cannot determine whether the fees are reasonable because Defendants used "block" billing, and much of the description of services is redacted. In a related but admittedly weaker argument, Plaintiff questions the billing rate of a younger lawyer who assisted in the trial.

Second, Plaintiff challenges the Court's authority to grant attorneys' fees for work done in the nonsuited litigation, despite the parties' consent order allowing previous discovery to apply to the second action.

With respect to the issue of block billing, "[w]hen tasks are reasonably listed in block listings, in a manner that provides a rational summary of the time spent on various projects, the Court will accept the block billing summary as reasonable." *Northern Va. Real Estate, Inc. v. Martins*, 80 Va. Cir. 478 (2010). In this case, the block billing is sufficiently detailed to allow the Court to determine its reasonableness. Courts who do not find the descriptions adequate have reduced the award by a percentage. See e.g. *J.P., ex rel. Peterson v. County Sch. Bd. of Hanover County, Va.*, 641 F. Supp. 2d 499, 520 (E.D. Va. 2009) (reducing the award by 10 percent). Even if such a remedy were appropriate here, no further reduction is necessary because the Defendants have already discounted their bills. With respect to Mr. Berry's billing rate, much evidence was taken regarding appropriate billing rates for attorneys by years of experience. The reality is that some attorneys have one year of experience twenty times, while other attorneys such as Mr. Berry exhibit skills that exceed their years at the bar. The argument as to the reasonableness of attorneys' fees is denied.

The second issue of awarding attorneys' fees for the nonsuited action is one of first impression in Virginia. It is, however, with some trepidation that the Court delves into the legal nuances of the nonsuit. See *Davis v. County of Fairfax*, 282 Va. 23, 710 S.E.2d 466 (2011). *Sheets v. Castle*, 263 Va. 407, 559 S.E.2d 616 (2002), dealt with a closely related issue. As in the case at bar, *Sheets* considered a fee-shifting contract provision that shifted attorneys' fees in favor of "the prevailing party." *Id.* at 413.

The action in *Sheets* was nonsuited and not re-filed. The *Sheets* Court reasoned that, in this legal posture, there was no "prevailing party" and, accordingly, attorneys' fees under the contract could not be awarded. *Id.* at 414. Thus, no party prevails in a nonsuited action.

*Sheets* also states that a nonsuit "simply [puts] an end to the present action, but is no bar to a subsequent action for the same cause." *Id.* at 413 (citing *Payne v. Buena Vista Extract Co.*, 124 Va. 296, 311, 98 S.E. 34 (1919)). The implication is that a re-filed case is not the same action as the original filing, although it is a continuance of the same cause of action. Code of Virginia § 8.01-380(B) provides that, "[o]nly one nonsuit may be taken to a cause of action," further indicating that a re-filed case is part of the same cause of action as the initial action.

The contract at issue uses the language, "the prevailing party in said litigation shall be entitled its costs and reasonable attorneys' fees. . . ." Thus, the Agreement only contemplates awarding fees for the "said litigation" in which a party prevails; not necessarily for the entire cause of action. By the reasoning in *Sheets*, the litigation that occurred prior and subsequent to the nonsuit are distinct actions, and Defendants did not prevail in the first action. Accordingly, Defendants cannot recover attorney's fees for the first action, but only for those incurred in the second action, which total $238,323.82. *Broyles v. Thurston County*, 147 Wash. App. 409, 195 P.3d 985 (2008), reaches the opposite result on an issue of attorneys' fees provided by statute to remedy improper discrimination. The reasoning was based on public policy. This argument would have produced a different result in *Sheets*, and is, therefore, not persuasive here.

Should either party file a notice of appeal, the appeal bond shall be set at $75,000.00. If the appellant wishes to suspend the execution of this judgment during said appeal, the appellant shall be required to post an appeal bond of $252,623.24. This sum reflects the judgment amount, plus an additional six percent in interest, based on the estimated length of the appellate process.