Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.[1]

WEST SQUARE, L.L.C.

v.  Record No. 062303  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        September 14, 2007
COMMUNICATION TECHNOLOGIES, INC.

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Herman A. Whisenant, Jr., Judge


This appeal involves litigation that arose out of a commercial real estate lease entered into between West Square, L.L.C. (West Square), as landlord, and Communication Technologies, Inc. (ComTek), as tenant. As relevant to the issues before us, the lease in question contained a "Costs and Attorney's Fees" clause that provided:

> In any litigation between the parties arising out of this Lease, and in connection with any consultations with counsel and other actions taken or notices delivered, in relation to a breach of the provisions herein, the non-prevailing party shall pay to the prevailing party all expenses and court costs, including reasonable attorney's fees incurred by the prevailing party in preparation for and (if applicable) at trial, and on appeal, and reasonable attorney's fees in identifying and resolving any breach of this Lease. Such attorney's fees and costs shall be payable upon demand.

---

[1] Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on August 16, 2007.

The primary issue before us is whether the circuit court abused its discretion in determining the amount of reasonable attorneys' fees to award to West Square as the prevailing party in litigation arising from a breach of the lease. We conclude that the circuit court did not abuse its discretion as to the award of attorneys' fees. The circuit court did, however, abuse its discretion by refusing to award West Square certain costs and expenses.

## I. RELEVANT FACTS AND PROCEEDINGS

Approximately nine months after the parties executed the subject lease, West Square filed a three-count motion for judgment against ComTek. In the first count asserting breach of the lease by ComTek, West Square sought a judgment awarding it possession of the leased premises and monetary damages for past-due rent and other payments, as well as an award of attorneys' fees and costs. The other two counts involved a contractor's alleged claim against ComTek for services and materials provided to construct improvements to the interior of the leased premises. The contractor had assigned its claim to West Square, and West Square sought monetary damages against ComTek on a breach of contract theory, or alternatively, on a quantum meruit theory. In response, ComTek filed an answer, pleas in bar, a demurrer to the quantum meruit claim, and a counterclaim

2

for West Square's alleged "unauthorized construction of the interior of the [leased p]remises" and breach of its covenant of quiet enjoyment.

The circuit court overruled ComTek's demurrer, and the case proceeded to trial. At the beginning of the second day of trial, West Square non-suited the two construction claims assigned to it by the contractor. Finding that ComTek had, in fact, breached the lease, the circuit court ruled in favor of West Square on its remaining claim for breach of the lease and also on ComTek's counterclaim (collectively, the lease dispute). The court awarded damages to West Square in the amount of $35,442.78 plus interest.[2]

Pursuant to an agreed pretrial order bifurcating the determination of attorneys' fees and the trial on the merits, West Square then filed an application for attorneys' fees and expenses. West Square attached to the application an affidavit from its lead attorney, which, among other things, summarized the hours of legal services provided to West Square by seven of the law firm's attorneys along with their respective hourly rates. The hours of legal services rendered and the hourly rates

_____

[2] ComTek did not challenge, by cross-error or otherwise, the circuit court's award of damages to West Square.

charged ranged from 162.8 hours at the rate of $325 per hour to 0.6 hours at the rate of $165 per hour. The affidavit also listed 1.4 hours of paralegal services billed at the rate of $85 per hour.

West Square also included with its application summaries of the qualifications of each attorney who provided legal services to West Square, a synopsis detailing the legal services represented to have been rendered to West Square regarding the lease dispute, a list of costs and expenses incurred by West Square, and copies of the itemized billing statements sent to West Square showing all the legal fees West Square incurred in its disputes and litigation with ComTek. According to West Square, the itemized billing statements demonstrate that it excluded from the attorneys' fee application the legal services rendered with regard to the non-suited claims. West Square requested an award of attorneys' fees in the amount of $64,578.00 for approximately 223.30 hours of legal services and an award for costs and expenses in the amount of $5,074.70.[3]

---

[3] The costs and expenses included $4,390.60 for depositions, $150.00 for a court reporter at the trial, $175.00 for serving witness subpoenas, $93.00 for filing the motion for judgment, and $266.10 for miscellaneous expenses.

ComTek filed a memorandum opposing West Square's application for attorneys' fees and expenses. ComTek centered its objection on West Square's failure to segregate its requested attorneys' fees and expenses associated with the lease dispute from those incurred with regard to the non-suited claims. Relying on this Court's decision in Ulloa v. QSP, Inc., 271 Va. 72, 83, 624 S.E.2d 43, 50 (2006), ComTek asserted that "[w]here multiple claims exist, only one of which permits the recovery of attorney's fees, the party requesting attorney's fees must fairly and reasonably separate out its attorney's fees with specificity."

In its opposition papers, ComTek submitted its own tabulation of West Square's time and work entries found in the detailed billing records that were produced as part of the fee application. ComTek allocated the items according to its interpretation of the claims to which the activity was related and argued that only about 32.90 hours of legal services, representing attorneys' fees of $8,828.00, were separately and specifically identified in West Square's application as relating solely to the lease dispute. In contrast, according to ComTek, the bulk of the time entries contained no delineation between the lease dispute and the non-suited claims. ComTek further asserted that about 17

5

hours were billed to West Square for multi-lawyer conferences, which ComTek claimed did not pertain solely to the lease dispute and/or were a duplication of effort.

In furtherance of its position that the amount of requested attorneys' fees was unreasonable, ComTek pointed out that, prior to trial, the parties had filed only three pleadings in the case, that only one motion, ComTek's demurrer, was heard by the circuit court, and that the demurrer was not related to the lease dispute. ComTek also noted that only two of the eleven interrogatories it propounded and only three of its thirty-seven requests for production of documents pertained solely to the lease dispute. The attorneys' fees application, according to ComTek, also did not take into account the complexity of the non-suited claims versus the simplicity of the lease dispute. ComTek asserted that West Square's alleged damages for ComTek's breach of the lease "involved a straightforward calculation of $2,000 per month rent, approximately $300 per month in common area maintenance charges, a late charge, interest and a leasing commission of $5,583.48," and "required one witness's testimony . . . , the admission of [the lease], and one or two other documents related to common area maintenance charges." ComTek asked the circuit court to compare the case at bar

6

where, "[a]s evidenced by the pleadings and the total absence of any contentious pre-trial motions, the lease dispute did not require complicated or extensive effort," with the situation in Chawla v. BurgerBusters, Inc., 255 Va. 616, 499 S.E.2d 829 (1998), "where[, according to ComTek,] more than 300 pleadings were filed, 15 to 20 depositions were taken, . . . approximately 50 distinct motions were filed[, and t]hirty separate court hearings were conducted, including a seven-day trial."

ComTek challenged the requested costs and expenses for similar reasons. For example, ComTek claimed that the depositions dealt with matters pertaining to all the claims asserted by West Square, not just the lease dispute. It further asserted that, as with the attorneys' fees, West Square failed to specify those costs and expenses incurred solely in relation to the lease dispute.

In a reply memorandum, West Square appended a supplemental affidavit from its lead attorney. In that affidavit, West Square's attorney stated that, upon further review of the challenged billing entries, he concluded that the amount of $7,320.00 should be deducted from the original total sum of attorneys' fees requested in the application because that amount was not clearly related to the lease dispute. At the same time, however, West Square

contended that it was entitled to recover the additional sum of $8,860.15 for attorneys' fees incurred subsequent to filing the original application for attorneys' fees and expenses. West Square thus sought attorneys' fees and expenses for the amended sum of $71,380.70.[4]

Following oral argument by counsel, the circuit court first noted that West Square had been awarded approximately $35,000 on the merits of the case. The court then stated that "the total cost, which is over $80,000 in attorneys' fees, over $5,000 in expenses, is certainly a figure that is too high for this case. I would be remiss not to go on the record saying that." The circuit court found the amount of attorneys' fees and costs requested by West Square "to be exorbitant . . . consider[ing] the amount sued for." The court explained: "It's called 'reasonable attorneys' fees.' It doesn't say 'attorneys' fees,' but 'reasonable.' "

In reaching its decision, the circuit court indicated that it had considered the cases cited by West Square's

---

[4] West Square also submitted with the reply memorandum an affidavit from Timothy M. Purnell, who opined as an expert on the issue of attorneys' fees in commercial landlord-tenant litigation. Purnell stated that, in his opinion, the requested attorneys' fees and expenses "were customary, reasonable and necessary to prosecute the breach of lease case and to defend against the counterclaim of the tenant."

counsel, along with "the type of case" and "the amount sued for."  The court concluded that "reasonable attorneys' fees for this case, in the time that we could have tried the case, [was] $10,000."  The circuit court further ruled that it was not awarding any costs or expenses to West Square. This appeal ensued.

## II. ANALYSIS

On appeal, West Square asserts that the circuit court erred by awarding it "only a small fraction of the attorney's fees and none of the expenses and court costs incurred by the prevailing party."  On appeal, we will set aside a trial court's determination of the amount of attorneys' fees to be awarded only if the court abused its discretion.  Schlegel v. Bank of America, 271 Va. 542, 550, 628 S.E.2d 362, 366 (2006); Holmes v. LG Marion Corp., 258 Va. 473, 479, 521 S.E.2d 528, 533 (1999).  We will first discuss the circuit court's award of attorneys' fees to West Square and then turn to its decision to award no amount for costs and expenses.

### A. Attorneys' Fees

"Under the so-called 'American rule,' a prevailing party generally cannot recover attorneys' fees from the losing party."  Ulloa, 271 Va. at 81, 624 S.E.2d at 49 (citing Lee v. Mulford, 269 Va. 562, 565, 611 S.E.2d 349,

9

350 (2005)).  This rule, however, does not prevent parties to a contract from adopting provisions that shift the responsibility of attorneys' fees to the losing party in disputes involving the contract.  See id.; Mullins v. Richlands Nat'l Bank, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991).  Here, the "Costs and Attorneys' Fees" clause at issue was such a contractual provision.  It provided that, in the event of litigation arising out of the lease, the "non-prevailing party" would have to pay all expenses, costs, and reasonable attorneys' fees incurred by the "prevailing party."  Since West Square was the prevailing party on the lease dispute, see Sheets v. Castle, 263 Va. 407, 413, 559 S.E.2d 616, 620 (2002) (a "prevailing party" is the "party in whose favor a judgment is rendered, regardless of the amount of damages"), the circuit court correctly awarded attorneys' fees to West Square.  The question before us, however, is whether the court abused its discretion in determining the amount of reasonable attorneys' fees.

A prevailing party who seeks to recover attorneys' fees pursuant to a contractual provision such as the one before us has the burden to present a prima facie case that the requested fees are reasonable and that they were necessary.  Chawla, 255 Va. at 623, 499 S.E.2d at 833; see

10

also Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship, 253 Va. 93, 96, 480 S.E.2d 471, 473 (1997).  We have identified several factors that are relevant to the determination of reasonableness:

> [A] fact finder may consider, inter alia, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

Chawla, 255 Va. at 623, 499 S.E.2d at 833; accord Ulloa, 271 Va. at 82, 524 S.E.2d at 49; Mullins, 241 Va. at 449, 403 S.E.2d at 335.  Under a contractual provision like the one at issue, however, a prevailing party "is not entitled to recover fees for work performed on unsuccessful claims." Ulloa, 271 Va. at 82, 624 S.E.2d at 49 (citing Chawla, 255 Va. at 624, 829 S.E.2d at 833).

West Square asserts that all its attorneys' fees were reasonable and necessary and that the circuit court should, therefore, have awarded it the full amount requested.  In the alternative, West Square argues that the circuit court should have articulated its findings on the various factors set forth in Chawla and identified the specific legal services that were not reasonable and necessary.  West Square claims that the circuit court, instead of performing

11

such an analysis, arbitrarily awarded it an amount of attorneys' fees that was less than one-third of the amount of damages it recovered.  In doing so, the court, according to West Square, considered only the large amount of attorneys' fees requested in relation to the type of case and the amount for which West Square sued.  We do not agree with West Square's position.

As both parties note, this Court has identified several factors that a fact-finder "may consider" in determining the amount of reasonable attorneys' fees to be awarded to a prevailing party.  Chawla, 255 Va. at 623, 499 S.E.2d at 833.  We have not, however, stated that a fact-finder must consider all these factors in every situation.  See Connors v. Connors, 594 S.W.2d 672, 676 (Tenn. 1980) (identifying factors to be used as "guides in fixing a reasonable attorney's fee").  But see Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) ("[twelve] factors must be considered by district courts in [the Fourth Circuit] in arriving at a determination of reasonable attorneys' fees") (emphasis added).  And, we decline to do so today.  In the determination of reasonable attorneys' fees, particular factors may have added or lessened significance depending on the circumstances of each case.

12

Nonetheless, the record demonstrates that both West Square and ComTek, in arguing their respective positions before the circuit court, presented and discussed the several factors that may be considered in determining reasonable attorneys' fees. When announcing its decision, the circuit court stated that it had considered the cases cited by West Square. The court also had before it West Square's detailed application for attorneys' fees, along with ComTek's particularized objections to the reasonableness of the amount requested, including the assertion that West Square failed to segregate the legal services rendered solely with regard to the lease dispute from the services provided for the non-suited claims. While the circuit court may not have articulated a finding with regard to each of the factors we identified in our prior cases, see Chawla, 255 Va. at 623, 499 S.E.2d at 833; Mullins, 241 Va. at 449, 403 S.E.2d at 335, the court did, however, note the factors it found relevant in deciding the reasonableness of West Square's requested attorneys' fees. As the fact-finder, the circuit court had to determine "from the evidence what [were] reasonable fees under the facts and circumstances of [this] particular case."

13

Mullins, 241 Va. at 449, 403 S.E.2d at 335.  In light of the record before the circuit court, we cannot say that the court abused its discretion in consideration of appropriate factors and in fixing the amount of attorneys' fees it awarded to West Square.

## B. Costs and Expenses

West Square also contends that the circuit court erred in refusing to award it any costs or expenses.  We agree.  As we have already stated, West Square was the "prevailing party" at trial.  Therefore, ComTek, as the "non-prevailing party," was required under the "Costs and Attorney's Fees" clause of the lease to pay West Square "all expenses and court costs" in connection with "any litigation between the parties arising out of" the lease.

ComTek, however, contends West Square failed to segregate its costs and expenses associated with the lease dispute from those incurred with regard to the non-suited claims.  Our holding in Ulloa regarding the burden to specify attorneys' fees associated with a particular claim for which an award of attorneys' fees is allowed applies with equal force to a request for an award of costs and expenses.  Even though claims may be intertwined and have a common factual basis, West Square, as the party seeking an award of costs and expenses, had "the burden to establish

14

to a reasonable degree of specificity" those costs and expenses associated with the lease dispute. Ulloa, 271 Va. at 83, 624 S.E.2d at 50. It did not do so with respect to certain requested costs and expenses.

Based on the record before us, we conclude that West Square is entitled to recover from ComTek the filing fee of $93.00, the process fees for serving witness subpoenas totaling $175.00, and the court reporter expense of $150.00. With regard to the requested expenses for depositions and miscellaneous items, West Square did not "establish to a reasonable degree of specificity" what portion of those expenses were incurred with regard to the lease dispute, as opposed to the non-suited claims. Id. West Square "is not entitled to recover [expenses] for . . . unsuccessful claims." Id. at 82, 524 S.E.2d at 49 (citing Chawla, 255 Va. at 624, 829 S.E.2d at 833). Therefore, we hold that the circuit court abused its discretion by refusing to award costs and expenses for the filing fee, the service of process fees, and the court reporter expense. The circuit court did not abuse its discretion in refusing to award West Square the remainder of its requested costs and expenses.

III. CONCLUSION

15

For these reasons, we will affirm the judgment of the circuit court with regard to the amount of its award of attorneys' fees to West Square.  We will reverse the judgment of the circuit court only with regard to its refusal to award West Square its costs and expenses for the filing fee, the service of process fees, and the court reporter expense.  Because the dollar amounts of those items are in the record before us and are not disputed, we will enter final judgment here in favor of West Square in the amount of $418.00.

We must now address one final matter.  West Square requests an additional award of attorneys' fees, costs and expenses under the terms of the "Costs and Attorney's Fees" clause allowing an award of "expenses and court costs, including reasonable attorney's fees incurred by the prevailing party . . . on appeal."  We hold that West Square is not entitled to such an award because it is not the "prevailing party" on appeal.  In Sheets, we stated that in reaching an interpretation of the term "prevailing party," "[w]e need not go farther than Black's Law Dictionary for its common meaning: 'A party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'"  263 Va. at 413, 559 S.E.2d at 620.  On the primary issue regarding the amount of the circuit court's

award of attorneys' fees, West Square is not the recipient of a judgment in its favor on appeal.

ComTek also requests an award of attorneys' fees, costs and expenses incurred in this appeal.  Unlike West Square, ComTek is the prevailing party on the primary issue before us.  Thus, we will remand this case to the circuit court for a determination of reasonable attorneys' fees, costs and expenses incurred by ComTek in this appeal.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and remanded</u>.

17