## CIRCUIT COURT OF FAIRFAX COUNTY

FIA Card Services, Inc.

v.

Grum G. Worku

January 24, 2008

Case No. CL 2007-7060

BY JUDGE RANDY I. BELLOWS

The present motion before the Court is the Plaintiff's Motion for Summary Judgment. At oral argument, the Court took under advisement whether to grant this motion. After careful consideration, the Court is prepared to rule on the issue of whether to grant Plaintiff's motion.

### I. *Factual and Procedural History*

On June 13, 2007, Plaintiff filed an "Application for Confirmation of Arbitration Award," seeking confirmation of an arbitration award in the amount of $15,221.16, that was entered against the Defendant on April 10, 2007. On July 9, 2007, on the 21st day following service by posting, Defendant filed a one-sentence document, which he entitled "Answer." This document states only: "I received the summons, and I like [sic] to know the court date." Next, on December 20, 2007, Plaintiff filed a "Motion for Summary Judgment," alleging that a "responsive pleading" had been filed by Defendant, and that since the "responsive pleading" did not deny that the amount of the arbitration award was in fact due and owing, this Court should enter Summary Judgment against Defendant.

### II. *Legal Discussion*

Virginia Supreme Court Rule 3:20 governs motions for summary judgment. The rule states as follows:

Any party may make a motion for summary judgment at any time after the parties are at issue, except in an action for divorce or for annulment of marriage. If it appears from the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence, that the moving party is entitled to judgment, the court shall enter judgment in that party's favor. Summary judgment, interlocutory in nature, may be entered as to the undisputed portion of a contested claim or on the issue of liability alone although there is a genuine issue as to the amount of damages. Summary judgment shall not be entered if any material fact is genuinely in dispute. No motion for summary judgment or to strike the evidence shall be sustained when based in whole or in part upon any discovery depositions under Rule 4:5, unless all parties to the action shall agree that such deposition may be so used.

Va. Sup. Ct. Rule 3:20 (2007). Confirmation of an arbitration award is governed by Va. Code § 8.01-581.09, which states that, "[u]pon application of a party any time after an award is made, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 8.01-581.010 and 8.01-581.011." Va. Code Ann. § 8.01-581.09 (2007). The "time limits hereinafter imposed" are ninety days after delivery of a copy of the award to the applicant, pursuant to Va. Code §§ 8.01-581.010 and 8.01-581.011. *See* Va. Code Ann §§ 8.01-581.010-011 (2007).

In addition, Va. Sup. Ct. Rule 3:8(a) states as follows:

A defendant shall file pleadings in response within 21 days after service of the summons and complaint upon that defendant, or if service of the summons has been timely waived on request under Code § 8.01-286.1, within 60 days after the date when the request for waiver was sent, or within 90 days after that date if the defendant was addressed outside the Commonwealth. A demurrer, plea, motion to dismiss, and motion for a bill of particulars shall each be deemed a pleading in response for the count or counts addressed therein. If a defendant files no other pleading than the answer, it shall be filed within said time. *An*

*answer shall respond to the paragraphs of the complaint. A general denial of the entire complaint or plea of the general issue shall not be permitted.*

Va. Sup. Ct. Rule 3:8(a) (2007) (emphasis added).

Applying the foregoing rules to the instant case, it is clear that the Defendant's self-styled "Answer" does not constitute a "responsive pleading" pursuant to Virginia law. The one sentence of the answer does not "respond" to anything in the "Application for Confirmation of Arbitration Award." Further, it is also clear that, under Virginia law, this Court has the authority to confirm the arbitration award, since it is well over ninety days from the time of delivery of the award to the Defendant and he has not urged any grounds for vacating or modifying or correcting the award.

### III. *Conclusion*

For the reasons stated above, the Court hereby confirms the arbitration award against the Defendant in the amount of $15,221.16 with interest to accrue at 6% (APR) from April 11, 2007, until paid in full. The Court declines to award the costs associated with the filing and prosecution of this action, as Plaintiff did not submit to the Court a copy of the original contract between the parties and the Court is thus not able to ascertain whether there is a contractual basis for an award of attorneys' fees. *See, e.g., West Square, L.L.C. v. Communication Technologies, Inc.*, 274 Va. 425, 433, 649 S.E.2d 698 (2007) ("Under the so-called 'American rule,' a prevailing party generally cannot recover attorneys' fees from the losing party. This rule, however, does not prevent parties to a contract from adopting provisions that shift the responsibility of attorneys' fees to the losing party in disputes involving the contract."). Further, the Court declines to reach the issue as to whether it was appropriate for Plaintiff to title this a Motion for Summary Judgment, as opposed to a Motion for Confirmation of an Arbitration Award. *See, e.g., Keystone Builders, Inc. v. Ward*, 1992 Va. Cir. LEXIS 601 at *3 (Va. Cir. 1992) (declining to title a "Motion to Confirm the Arbitration Award" as a "Motion for Summary Judgment").