COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chaney and Senior Judge Annunziata

JAMES SISCO

                                                        MEMORANDUM OPINION*
v.        Record No. 1215-22-4                              PER CURIAM
                                                            JUNE 13, 2023
ELIZABETH SISCO


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Thomas P. Mann, Judge

(Matthew E. Hughes; Law Office of Matt Hughes, PLLC, on brief),
for appellant. Appellant submitting on brief.

(Joseph D. Menze; Livesay & Myers, P.C., on brief), for appellee.
Appellee submitting on brief.


James Sisco ("father") appeals the circuit court's order granting Elizabeth Sisco's

("mother") motion to strike and dismissing his motion to modify custody and visitation.[1] On

appeal, father argues that the circuit court erred in applying an "improper test" in granting mother's

motion to strike. Father also alleges that the circuit court erred by failing to consider evidence that

father completed requirements set forth in an earlier custody order and by failing to consider the

best interests of the children. Father contends that the circuit court abused its discretion in awarding

mother her attorney fees. Both parties have waived oral argument on appeal.

After reviewing the record and the briefs of the parties, we conclude that the circuit court did

not err. Accordingly, we affirm the circuit court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Upon the parties' divorce, the circuit court entered an order granting mother's request to
legally change her last name to Holtzman.

BACKGROUND

In accordance with well-established principles of appellate review, "[w]hen reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party [in the trial court], granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)); *Wright v. Wright*, 38 Va. App. 394, 398 (2002). Here, mother is the prevailing party.

Father and mother were married on May 23, 2009, and separated on September 25, 2020. The parties had three children born of the marriage. On October 8, 2021, the circuit court entered a custody and visitation order, awarding mother sole legal and physical custody of the parties' three children. The circuit court granted father weekly video calls with the children but ordered that he "not otherwise contact the minor children or be within their physical presence or be seen by the children in any way other than virtually." The circuit court also prohibited father from "instruct[ing] the children to communicate with him, via any method," or "instruct[ing] others to communicate to the children on his behalf." The circuit court ordered father to undergo a psychological evaluation and stated that he could move for additional visitation upon completion of the psychological evaluation, if he made "substantial progress or complet[ed] any recommended treatment following the evaluation." The circuit court also ordered father to attend parenting classes and anger management courses. On March 22, 2022, the circuit court entered a final divorce decree which provided that "custody and visitation shall be as set forth in the Custody and Visitation Order entered on October 8, 2021."

Father filed several motions to modify the visitation and custody order. In his motion to modify, filed on March 23, 2022, father asked the circuit court to award the parties joint legal and shared physical custody of the children and to compel mother to undergo a psychological evaluation and complete parenting classes. Father stated that he completed his psychological evaluation and

forwarded the report to mother. Father alleged that he had "recognize[d] the mistakes he has made, [had taken] responsibility for his actions, and ha[d] demonstrated significant efforts, above and beyond the court ordered requirements to modify his behavior and be a positive influence and role model in his children's lives." Father also alleged the limited communication and lack of physical contact with the children was "potentially traumatizing and a detriment to their emotional and psychological well-being." Father also claimed that mother took "every effort to alienate the children" from him and made no effort in co-parenting. Father alleged he completed the parenting and anger management classes. Father stated his therapist diagnosed him with adjustment disorder, and he participated in "weekly therapy sessions with a focus on identifying emotional triggers, modifying behavior, and increasing coping skills." Father also asked for an award of attorney fees and costs.

The circuit court conducted a hearing on father's motion on May 23 and 24, 2022.[2] Upon conclusion of the father's case, mother made a motion to strike alleging that father had "fail[ed] to show a material change in circumstances." The circuit court found that no material change in circumstances had occurred since the entry of the October 2021 custody and visitation order. Consequently, the circuit court ruled that the October 2021 custody and visitation order would remain in effect. The circuit court also awarded $31,000 to mother for her attorney fees and costs.

In its oral ruling, the circuit court explained that "the focus of the Court's ruling [was] less about compliance with . . . therapy or anger management or a lack of demonstrated process or progress" and "more about the alienation and the other acts and omissions which formed the basis" for the earlier custody order. After listening to a portion of father's calls with the children, the circuit court found that father had engaged in behavior that "perpetuate[d] the alienation" of the

_____

[2] The record does not include a transcript, or a written statement of facts in lieu of a transcript, from this hearing. The circuit court, however, attached a transcript of its ruling and made it a part of the final order.

- 3 -

children against mother. For instance, the circuit court stated that father urged the children to resist mother's parenting decisions, made promises to the children about vacations and spending time together, and encouraged the children to act in ways that were inconsistent with the custody and visitation order. Based on its review of the recording of the calls, the circuit court found that father had "not changed at all" and that the "alienating conduct" persisted. Father now appeals to this Court.

ANALYSIS

I. Rule 5A:8

On appeal, father argues that the circuit court erred in applying an "improper test" when considering mother's motion to strike. Father argues that the circuit court erred in finding that he failed to prove a material change in circumstances, even though he complied with the circuit court's previous order by completing a psychological examination and making "substantial progress." Father argues that the circuit court was focused more on "the alienation and the other acts and omissions which formed the basis" for its previous order. Father also argued that the circuit court erred by failing to consider the best interests of the children before granting mother's motion to strike. Finally, father argues that the circuit court erred in awarding mother attorney fees.

The record, however, does not contain complete transcripts, or a written statement of facts in lieu of transcripts, from the circuit court's hearing on May 23 and 24, 2022.[3] This Court granted father's request for an extension of time to file the transcripts by October 28, 2022. Although father filed the transcripts with this Court on that date, he did not file them with the circuit court as required by Rule 5A:8(a).[4] Thus, based on the Rules promulgated by the Supreme Court, the

---

[3] The record includes the circuit court's oral ruling, which was incorporated into the final order.

[4] "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a).

transcripts from the May 23 and 24, 2022 hearing cannot be part of the record on appeal. *See* Rule 5A:8(a).

As the Supreme Court has repeatedly stated, "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Justis v. Young*, 202 Va. 631, 632 (1961); *see Jones v. Jones*, 172 Va. 14, 16 (1938); *Lawrence v. Nelson*, 200 Va. 597, 598-99 (1959); *see also Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012); *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020). "In the absence [of a sufficient record], we will not consider the point." *Dixon*, 71 Va. App. at 716 (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007) (alteration in original)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

In the absence of a timely filed transcript or a written statement of facts in lieu of a transcript, this Court does not have before it the evidence the parties presented at the May 23 and 24, 2022 hearing that is necessary to decide this appeal. With no record of the arguments father made or the positions he took (or possibly abandoned) at the custody hearing, we cannot know whether father presented to the circuit court the specific arguments he now advances on appeal or whether his appellate arguments repudiate a position that he may have taken in the circuit court. *See* Rule 5A:18 (requiring that an appellate court will only consider arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Father claims that he completed the requirements contained in the October 2021 custody and visitation order and that the circuit court "failed to consider whether any developments

[occurred] in the lives of the children." However, without a transcript or a written statement of facts in lieu of a transcript, we are unable to consider what, if any, evidence father presented in support of his claim that he completed the requirements and that he proved a material change in circumstances warranting a modification of custody and visitation. We are also unable to consider any evidence father presented at the circuit court hearing regarding the best interests of the children.

Similarly, a transcript or a written statement of facts in lieu of a transcript is indispensable in determining whether the circuit court abused its discretion by awarding $31,000 to mother for her attorney fees and costs, as father merely repeats his argument that he "satisfied the court's requirements to complete the psychological evaluation and make substantial progress or complete any recommended treatment following the evaluation prior to filing his motion to modify." *See Portsmouth 2175 Elmhurst, LLC v. City of Portsmouth*, 298 Va. 310, 333 (2020) (noting that an appellate court "will set aside a trial court's determination of the amount of attorneys' fees to be awarded only if the court abused its discretion" (quoting *West. Square, L.L.C. v. Commc'n Techs.*, 274 Va. 425, 433 (2007))).

We conclude that transcripts, or a written statement of facts in lieu of transcripts, from the May 23 and 24, 2022 hearing are indispensable to a determination of father's assignments of error. "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (omission in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)); *see also Bay*, 60 Va. App. at 528-29. Because father failed to properly make the transcripts a part of the record on appeal by failing to file them in the circuit court (as he was required to do by Rule 5A:8(a)) or to provide a written statement of facts

in lieu of transcripts, and because those transcripts are necessary to resolve his arguments in his assignments of error, we cannot reach those arguments. Rule 5A:8(b)(4)(ii).

## II. Appellate Attorney Fees

Both father and mother request an award of attorney fees and costs incurred on appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). "[I]n exercising our discretion to determine whether to award appellate attorney's fees, we do not believe that the equities of this case justify such an award" of attorney fees to either party, and we deny both parties' requests for attorney fees. *Stark v. Dinarany*, 73 Va. App. 733, 757 (2021).

## CONCLUSION

For the foregoing reasons, we do not disturb the judgment of the circuit court.

*Affirmed*.